# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1018V

* * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
| --- | --- |
| M.K.S., | Chief Special Master Corcoran |
| Petitioner, | Filed: July 9, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Zachary J. Hermsen*, Whitfield & Eddy Law, Des Moines, IA, for Petitioner.

*Mary Novakovic*, U.S. Department of Justice, Washington, DC, Respondent.

## DECISION GRANTING MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 2, 2021, M.K.S. filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he suffered acute disseminated encephalomyelitis and/or myelin oligodendrocyte glycoprotein antibody disease as a result of his receipt of a tetanus, diphtheria, and acellular pertussis vaccine on March 9, 2018. Petition (ECF No. 1) at 2, 10. A one-day entitlement hearing was held in Des Moines, IA on February 10, 2025, and the matter is still pending resolution.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated June 12, 2025 (ECF No 76) ("Interim Fees Mot."). It is the first fees request in this case. Petitioner requests a total of $194,394.33 in attorney's fees and costs (reflecting $111,120.70 in fees, plus $83,273.63 in costs) for the work of attorneys and paralegals at Whitefield & Eddy Law Firm. Respondent reacted to the fees request on June 20, 2025. *See* Response, dated June 20, 2025 (ECF No. 77) ("Resp."). Respondent takes no position on the appropriateness of an interim award, and otherwise defers the calculation of any amount to be awarded to my discretion. Resp. at 2. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the amount of **$194,394.33**.

## ANALYSIS

### I.    Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But interim fees requests are subject to the same reasonable basis analysis that is utilized for unsuccessful claims (since an unadjudicated claim is, at the time of the interim request, literally "unsuccessful").

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim fees award. While the ultimate resolution of causation remains to be determined, Petitioner has put

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

forward more than enough objective support for the claim, as reflected in the testimony and evidence adduced at trial. In addition, the other indicia I consider significant in resolving interim award requests have been met. This matter has been pending for more than four years, many expert reports have been filed, the requested fees are substantial, and I generally find it appropriate to request an interim award after a hearing is held. And no other circumstances exist that make an interim award inappropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| **Zach Hermsen (attorney)** | $255.00 | $295.00 | $330.00 | $350.00 | $400.00 | $450.00 |
| **Bryn Hazelwonder (attorney)** | $175.00 | $195.00 | $220.00 | $250.00 | $325.00 | $375.00 |

Interim Fees Mot. at 4; ECF No. 76-11 at 1–31.

Mr. Hermsen and Ms. Hazelwonder practice in Des Moines, Iowa—a jurisdiction that has been deemed "in forum," and thus entitling them to rates commensurate with what was established

4

in *McCulloch. Freie v. Sec'y of Health & Hum. Servs.*, No. 18-175V, 2021 WL 4077016 (Fed. Cl. Spec. Mstr. Aug. 9, 2021). The rates requested (including newly requested 2025 rates) are consistent with what has previously been awarded, based on the attorneys' work and experience in the Program, and are otherwise in accordance with the Office of Special Masters' fee schedule.[5] *Baron v. Sec'y of Health & Hum. Servs.*, No. 22-1336V, 2024 WL 4132947 (Fed. Cl. Spec. Mstr. Aug. 13, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $83,273.63 in outstanding costs, including the filing fee, medical record retrieval costs, PACER costs, mailing costs, travel costs, and costs associated with the work of two experts—Dr. Lawrence Steinman and Dr. Carlo Tornatore. Interim Fees Mot. at 6–7; ECF No. 76-11 at 29–28. Dr. Steinman prepared two written reports in this case and testified on behalf of Petitioner. He submitted an invoice reflecting a total of $35,975.00[6] (billing at an hourly rate of $550.00 for 72.5 hours of work, and after receiving a retainer fee of $5,500.00). ECF No. 76-12 at 23. Dr. Tornatore also prepared two written reports and testified on behalf of Petitioner. He submitted an invoice reflecting a total of $38,750.00 (billing at an hourly rate of $500.00 for 77.5 hours of work). *Id.* at 36–37. These expert costs were reasonably incurred, and I find the sum incurred was reasonable for the work performed. Thus, I do not find any reason to make any reductions. The other litigation-related costs are typical in Program cases, were reasonably incurred, and are thus eligible for reimbursement.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited July 9, 2025).

[6] This total also includes Dr. Steinman's travel and lodging costs related to the entitlement hearing. *See* ECF No. 76-12 at 23.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for Interim Attorney's Fees and Costs. Petitioner is awarded a total amount of **$194,394.33**, reflecting $111,120.70 in attorney's fees and $83,273.63 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.